139 F.3d 906
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James D. MACIEL, Plaintiff-Appellant,
v.
James H. GOMEZ, Director, Department of Corrections State of
California; Arthur Calderon, Warden, of the California
Rehabilitation Center Norco CA; Michael T. Pickett, Warden,
California Institution for Men Chino CA; L. Green,
individually and as Work Incentive Coordinator of the
California Rehabilitation Center Norco CA; Robert
Individually and as Appeals Coordinator of the California
Rehabilitation Center Norco CA; T.R. Chidboy, individually
and as Sergeant for Receiving and Release of the California
Rehabilitation Center Norco CA, Defendants,
and
Unknown Round, Defendant-Appellee.
 No. 97-55124.
D.C. No. CV-93-03012-MRP (RNB).
 United States Court of Appeals, Ninth Circuit.
 Decided Feb. 23, 1998.
Submitted February 9, 1998.**
 
 Appeal from the United States District Court for the Central District of California Mariana R. Pfaelzer, District Judge, Presiding.
 MEMORANDUM*
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 James D. Maciel, a California state prisoner, appeals pro se the district court's grant of summary judgment for correctional officer Round in his 42 U.S.C. § 1983 action alleging denial of access to the courts. We have jurisdiction pursuant to 28 U.S.C. 1291, and we affirm.
 
 
 2
 Maciel contends the district court erred by concluding that no genuine issue existed as to whether Round's alleged loss and/or destruction of Maciel's legal materials caused an actual injury.[1]
 
 
 3
 We review the district court's grant of summary judgment de novo. See Eberhardt v. City of Los Angeles, 62 F.3d 1253, 1255 (9th Cir.1995).
 
 
 4
 The district court properly determined there was no genuine issue of fact regarding Maciel's access to Utah state court, where he filed an action to prevent his wife from divorcing him. See Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 2181-82, 135 L.Ed.2d 606 (1996) (holding that access-to-courts claims are limited to inmates' actions attacking their sentences, directly or collaterally, or challenging the conditions of their confinement). Further, the district court properly determined there was no genuine issue of fact regarding Maciel's access to federal district court, where he filed a civil rights action, because this court has already ruled that the district court did not abuse its discretion by denying Maciel's motion for a continuance on the grounds that he had been intermittently deprived of his legal materials by prison officials. See Maciel v. Rowland, No. 92-16136, 1993 WL 339829, at ----3 (9th Cir. Sept.2, 1993) (unpublished memorandum disposition). Accordingly, we affirm the decision of the district court.
 
 AFFIRMED.[2]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because a defending party may bring a motion for summary judgment "at any time," Fed.R.Civ.P. 56(b), the district court did not err by considering Round's renewed motion for summary judgment
 
 
 [2]
 Because we conclude that Maciel did not suffer an actual injury as a result of the alleged loss and/or destruction of his legal materials, we need not reach his contention that the district court erred by limiting service to only two defendants